UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATHY S. MILLER,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C19-5276-MLP

ORDER

## I.     INTRODUCTION

This matter is before the Court on Defendant's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for untimely filing the complaint. (Dkt. # 8 ("Mot. Summ. J.").) To support its motion, Defendant submitted several documents, including a declaration, the Appeals Council decision, and the administrative law judge ("ALJ") decision. (Dkt. # 8-22.) Plaintiff submitted a response with several exhibits, including declarations and a date-stamped copy confirming receipt of the Appeals Council decision. (Dkt. ## 9, 9-1, 9-1, 9-3, 9-4, 9-5.) Defendant did not submit a reply.

As a threshold matter, the Court finds it necessary to convert Defendant's motion into a motion for summary judgment. "If, on a motion under Rule 12(b)(6) . . . matters outside the

ORDER - 1

pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. Rule Civ. P. 12(d). As discussed above, Defendant submitted materials outside the pleadings in support of Defendant's motion and, similarly, Plaintiff submitted outside materials in support of her response. The Court finds consideration of that evidence necessary to resolve the issue of timeliness raised in Defendant's motion, and thus hereby converts Defendant's motion to dismiss pursuant to Rule 12(b)(6) to a motion for summary judgment. *Swedberg v. Marotzke*, 339 F.3d 1139, 1146 (9th Cir. 2003) ("A Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating, preferably by an explicit ruling, that it will not exclude those materials from its consideration.").

When a motion to dismiss is treated as a motion for summary judgment on the basis of matters outside the pleadings, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. Rule Civ. P. 12(d). Here, Defendant has already presented pertinent materials with its motion and Plaintiff has submitted a response with supporting documents. The Defendant had an opportunity to present additional materials but chose not to file a reply. The Court therefore finds it unnecessary for the parties to submit further materials. For the reasons set forth below, the Court DENIES Defendant's motion.

## II. BACKGROUND

On April 2, 2018, an ALJ issued a decision regarding Plaintiff's Title II application for benefits, finding Plaintiff not disabled. (Dkt. # 8-2 ("Voegele Decl."), Ex 1.) Plaintiff requested review of the decision, which was denied by the Appeals Council on February 1, 2019. (*Id.*, Ex. 2.) Notice of the Appeals Council decision and Plaintiff's right to commence a civil action within sixty (60) days from the date of receipt were mailed to Plaintiff and her representative. (*Id.* at ¶

3(a).) After receiving notice of the Appeals Council decision, Plaintiff obtained new counsel. (Dkt. # 9-4 ("Turner Decl.").) Plaintiff's new counsel commenced this action on April 11, 2019. (Dkt. # 1.)

### III. DISCUSSION

Summary judgment is appropriate when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden of showing the district court "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. The moving party can carry its initial burden by producing affirmative evidence that negates an essential element of the nonmovant's case, or by establishing that the nonmovant lacks the quantum of evidence needed to satisfy its burden of persuasion at trial. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). The burden then shifts to the nonmoving party to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court must draw all reasonable inferences in favor of the nonmoving party. *Id.* at 585-87.

The opposing party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient[]" to defeat summary judgment. *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Nor can the nonmoving party "defeat summary judgment with allegations in the complaint, or with unsupported conjecture or conclusory statements."

*Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003).

Defendant moves to dismiss the complaint on the grounds that Plaintiff failed to file her appeal within the time period prescribed by 42 U.S.C. § 405(g). (Mot. Summ. J. at 3-4.) Section 405(g) states that an individual seeking judicial review of the final administrative decision is required to file an action with the court "within sixty (60) days after the mailing to him of notice of such decision or within such further time as Commissioner of Social Security may allow." 42 U.S.C. § 405(g). By regulation, the Commissioner of Social Security has required that any civil action be filed within sixty (60) days of receipt of the notice denying an individual's request for review. 20 C.F.R. § 422.210(c). The date of receipt is presumed to be five days after the date of notice, unless there is a reasonable showing to the contrary. *Id.* The sixty (60) day limitations period may be tolled by "traditional equitable tolling principles," such as when the cause of action is based on duress or undue influence or when the defendant fraudulently conceals the cause of action. *Bowen v. City of New York,* 476 U.S. 467, 479 (1986); *Vernon v. Heckler,* 811 F.2d 1274, 1277-78 (9th Cir. 1987).

In support of Defendant's motion to dismiss, Defendant submitted the ALJ's decision dated April 2, 2018 and the notice of the Appeals Council decision dated February 1, 2019. (*See* Voegele Decl.) Defendant does not allege which date the notice was actually mailed to Plaintiff and her representative, but argues the five-day presumption applies. (Mot. Summ. J. at 4.) Defendant therefore asserts the presumed date of receipt is February 6, 2019, six-four (64) days before Plaintiff filed the instant action. (*Id.*)

In response, Plaintiff submitted a date-stamped copy confirming receipt of notice of the Appeals Council decision by Plaintiff's previous counsel on February 11, 2019. (Dkt. # 9-1.) Plaintiff also submitted declarations from two employees from Plaintiff's previous counsel's

office which corroborate receipt of notice on February 11, 2019. (Dkt. ## 9-2 and 9-3.) Further, Plaintiff's current counsel submitted a declaration stating he confirmed that Plaintiff's previous counsel received notice on February 11, 2019. (Dkt. # 5.) Lastly, Plaintiff submitted a declaration herself which states that she left a voicemail with her previous counsel's office regarding the notice of decision on the day she received it (Turner Decl.), and her previous counsel's office logged that voicemail on February 12, 2019 (dkt. # 9-3 ("Simpson Decl.")).

The Court finds that Plaintiff has overcome the rebuttable presumption that the date of receipt of notice of the Appeals Council decision is five-days after the date of notice. Here, Defendant has not presented any evidence regarding the actual date that notice of the decision was mailed and instead relies on the presumption regarding the date of notice. To rebut this presumption, Plaintiff submitted declarations from her previous counsel, her previous counsel's employees, and her current counsel which reasonably show her previous counsel received notice on February 11, 2019.

The Court is aware that other courts in this jurisdiction have found evidence that a plaintiff's counsel received notice of the Appeals Council decision after the five-day presumption is insufficient to make a reasonable showing that the *plaintiff* did not receive the notice within five days. *See Arthur T. v. Comm'r of Soc. Sec.*, C18-5994-DWC 2019 WL 2646576 (W.D. Wash. June 27, 2019). The Court declines to adopt this reasoning here because in addition to the declarations showing counsel's receipt of notice, Plaintiff submitted a declaration making a reasonable showing that she personally received notice on either February 11, 2019 or February 12, 2019.

Accordingly, as Plaintiff commenced this action on April 11, 2019, the Court finds she timely filed her action within the sixty (60) day limitation period. The Court therefore DENIES Defendant's motion for summary judgment (dkt. # 8) and directs Defendant to file an Answer.

Dated this 24th day of October, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge