UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATHY M.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C19-5276-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in assessing her subjective testimony, discounting certain medical opinions, and discounting a lay witness statement.[1] (Dkt. # 15 at 2.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

---

[1] Plaintiff also assigns error to the ALJ's residual functional capacity ("RFC") assessment and step-five findings, but in doing so only reiterates arguments made elsewhere, and thus the Court need not address these assignments of error separately. (Dkt. # 15 at 17-18.)

ORDER - 1

## II. BACKGROUND

Plaintiff was born in 1965, has a high school diploma and additional training as a flight attendant, and has worked as a restaurant server, gardening assistant, and receptionist. AR at 180. Plaintiff was last gainfully employed in November 2015. *Id*.

In December 2015, Plaintiff applied for benefits, alleging disability as of January 1, 2012. AR at 145-46. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id*. at 86-92, 94-98. After the ALJ conducted a hearing on November 7, 2017 (*id*. at 43-66), the ALJ issued a decision finding Plaintiff not disabled. *Id*. at 18-30.

Utilizing the five-step disability evaluation process,[2] the ALJ found:

Step one: Plaintiff did not engage in substantial gainful activity between her alleged onset date (January 1, 2012) and her date last insured ("DLI") (September 30, 2014).

Step two: Through the DLI, Plaintiff's pain disorder, a right hand crush injury and bilateral osteoarthritis in the hands, depression, anxiety, and post-traumatic stress disorder were severe impairments.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[3]

RFC: Through the DLI, Plaintiff could perform light work with additional limitations: she could frequently reach, handle, finger, and feel. She could frequently balance, stoop, kneel, crouch, and crawl. She should not have had concentrated exposure to hazards. She was limited to simple, routine work, in a workplace with no more than occasional workplace changes. She could have occasional, superficial contact with coworkers with no teamwork, and should have had no contact with the public.

Step four: Through the DLI, Plaintiff could not perform past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff could have performed through the DLI, Plaintiff was not disabled through the DLI.

AR at 18-30.

---

[2] 20 C.F.R. § 404.1520.
[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-7. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

# IV. DISCUSSION

## A. The ALJ Did Not Err in Discounting Plaintiff's Allegations

The ALJ discounted Plaintiff's allegations of disability during the adjudicated period because she found that during the adjudicated period, Plaintiff's physical and mental conditions were stable with medication and did not cause disabling limitations during that period. AR at 24-26. The ALJ noted that the post-DLI records indicated that Plaintiff's mental health began to deteriorate about nine months after the DLI. *Id*. at 26. The ALJ also found that Plaintiff's activities during the adjudicated period were "less limited than would be expected given her allegations of disabling symptoms and limitations." *Id*. Plaintiff contends that the ALJ erred in discounting her testimony by failing to provide clear and convincing reasons to do so, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

The Court agrees with Plaintiff that the ALJ's finding regarding her activities does not either identify a contradiction between her activities and her allegations, or demonstrate that she possesses transferable work skills, and is therefore erroneous. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills").

But the ALJ's remaining reasoning is valid, which renders that error harmless. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008). The ALJ found that "treatment records from the DIB relevant period show [Plaintiff's] mental health symptoms were well managed with medication, though she continued to have some fatigue." AR at 26. The ALJ explained how she accommodated Plaintiff's symptoms, specifically fatigue and her baseline depression and anxiety, in the RFC assessment. *Id*. Plaintiff acknowledges that her mental health symptoms worsens in June 2015, but argues that this is not a convincing reason to

ORDER - 4

discount her testimony about the symptoms and limitations she experienced prior to her DLI. (Dkt. # 15 at 12.) But this argument overlooks the ALJ's assessment of the treatment record from before Plaintiff's DLI: Plaintiff has failed to show that the ALJ erred in finding that Plaintiff's symptoms were well managed with medication before the DLI, or that her limitations during that time were not accounted for in the ALJ's RFC assessment. Plaintiff's lengthy summary of her hearing testimony is insufficient to establish error in the ALJ's assessment of her subjective allegations. (Dkt. # 15 at 13-16.) Because Plaintiff has failed to identify a harmful error in the ALJ's reasoning with regard to Plaintiff's subjective allegations, the Court affirms the ALJ's assessment of Plaintiff's testimony.

### B. The ALJ Did Not Err in Assessing the Medical Opinion Evidence

Plaintiff argues that the ALJ erred in discounting two medical opinions, both authored years after the DLI and written by providers who did not treat Plaintiff during the adjudicated period. (Dkt. # 15 at 3-7.)

Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

The Court will address each disputed opinion in turn.

#### 1. Kara Wade, LSWAIC, CDP

Ms. Wade began providing counseling to Plaintiff in March 2016 and wrote opinions in June 2016 and September 2017 describing the symptoms and limitations that she observed

during treatment. AR at 1124, 1293-1301, 1314. In September 2017, Ms. Wade opined that Plaintiff's symptoms had been at the same level of severity since 2002, when Plaintiff last worked. *Id.* at 1301.

The ALJ found that Ms. Wade's opinions were undermined by the fact that she did not begin treating Plaintiff until more than a year after the DLI, and because Ms. Wade's opinions were inconsistent with Plaintiff's treatment records and activities during the adjudicated period. AR at 28. The ALJ also noted that although Ms. Wade indicated that Plaintiff last worked in 2002, Plaintiff's earnings record showed otherwise. *Id.* (citing *id.* at 156 (showing earnings in 2004-05, 2007-09, and 2011-13)).

Plaintiff argues that the ALJ erred in discounting Ms. Wade's opinions based on their timing as post-DLI because Ms. Wade was familiar with Plaintiff's history and therefore had adequate foundation to opine as to Plaintiff's limitations before the DLI. (Dkt. # 15 at 5.) This argument does not address the thrust of the ALJ's reasoning, which is that Ms. Wade's opinions are inconsistent with the treatment record that pertains to the adjudicated period. This is a valid reason to discount Ms. Wade's opinions. *See Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995) (holding that although an ALJ may not discount a medical opinion merely because it post-dates the DLI, an ALJ may discount a post-DLI opinion that is inconsistent with pre-DLI evidence). Furthermore, Plaintiff acknowledges that Ms. Wade inaccurately portrayed Plaintiff's work history. (Dkt. # 15 at 5.) Because Plaintiff has not established error in the ALJ's reasoning with respect to Ms. Wade's opinions, the Court affirms the ALJ's discounting of Ms. Wade's opinions.

2. *Penny Faires, M.D.*

Dr. Faires began treating Plaintiff the month after her DLI, in October 2014, and opined in June 2016 that she "hope[s] that [Plaintiff] will be able to get back on track within a few years with therapy and psychiatry's help, but right now, that absolutely is not possible." AR at 1123.

The ALJ discounted Dr. Faires's opinion as "brief and conclusory" and pertaining to the post-DLI period. AR at 27. These are valid reasons to discount Dr. Faires's opinion, which does not describe any particular limitations and explicitly references Plaintiff's condition "right now," in June 2016. *Id*. at 1123. Although Plaintiff contends that Dr. Faires's opinion is supported by her treatment notes (dkt. # 15 at 7), the opinion itself does not describe any limitations and therefore has limited probative value to the ALJ's inquiry as to Plaintiff's RFC during the adjudicated period. Because Plaintiff has failed to establish error in the ALJ's reasoning with respect to Dr. Faires's opinion, the Court affirms the ALJ's discounting of Dr. Faires's opinion.

**C. The ALJ Did Not Err in Discounting Plaintiff's Friend's Statement**

Plaintiff's friend, Jodi Dakin, completed a third-party function report in May 2016. AR at 194-201. The ALJ noted that Ms. Dakin completed her form years after the DLI, and that the form does not specifically refer to the adjudicated period. *Id*. at 28. The ALJ found that Ms. Dakin's comments are consistent with the post-DLI evidence, but not consistent with the treatment notes that date to the adjudicated period, which show that Plaintiff's mental health symptoms were "well managed on medication" during that time. *Id*. at 28-29.

As Plaintiff notes (dkt. # 15 at 17), Ms. Dakin does refer to Plaintiff's mental and physical deterioration over the "past 5 years" (AR at 201), and some of that time period would overlap with the adjudicated period. Nonetheless, Ms. Dakin's form statement does not appear to describe any particular limitations or symptoms that existed during the adjudicated period,

ORDER - 7

consistent with the ALJ's interpretation. Thus, although Plaintiff contends that Ms. Dakin's statement describes observations of Plaintiff while she was taking medication during the adjudicated period (dkt. # 15 at 17), none of Ms. Dakin's observations explicitly relate to that time period and Plaintiff has not shown that the ALJ erred in finding that her observations were inconsistent with the treatment notes dating to the adjudicated period. Accordingly, the Court affirms the ALJ's discounting of Ms. Dakin's statement. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence.").

V. **CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 26th day of March, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge